IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GEORGE D. MANDERBACH, INC. § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:25-CV-00232-O |
| § | |
| SANJAY CHANDRA, ET AL., § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court are Defendant's Motion to Stay (ECF No. 8), filed April 1, 2025; Plaintiff's Response (ECF No. 14), filed April 21, 2025; and Defendant's Reply (ECF No. 15), filed May 5, 2025. For the reasons contained herein, the Motion is **GRANTED.**

**I.    BACKGROUND**

This case is about who can rightfully possess cars that are owned by a car dealership. Because the preliminary question of who owns the car dealership is set for a state court jury trial in less than two months, the Court stays this action until the jury decides that pivotal question.

In October 2024, this Court remanded an action that included Manderbach Ford and Mr. Chandra back to the 352nd Judicial District Court of Tarrant County, Texas because the dispute was not completely diverse. *See Chandra v. GDM Leasing, Inc.*, No. 4:24-CV-760-O, 2024 WL 4369235, at *3 (N.D. Tex. Oct. 1, 2024). Now, with trial in that action set for July 14, 2025, Manderbach Ford filed this action invoking the Court's diversity jurisdiction.

Plaintiff George D. Manderbach, Inc. doing business as Manderbach Ford ("Plaintiff" or "Manderbach Ford") brings four causes of action in this case over three vehicles that Manderbach Ford alleges it loaned Defendants: (1) conversion; (2) civil theft, (3) declaratory judgment; and

1

(4) writ of sequestration.[1] Defendant Sanjay Chandra ("Mr. Chandra") answered Manderbach Ford's Complaint arguing that Manderbach Ford "shipped to him several demo vehicles . . . because he is a co-owner in that dealership and is entitled to perks like demo vehicles."[2] Defendant, Mr. Chandra, moved to stay this action pending the resolution of the state court trial that will decide if he has a 50% ownership interest in Manderbach Ford.[3] The Motion is ripe for the Court's review.

## II.     LEGAL STANDARD

"Colorado River abstention is a narrow exception to a federal court's 'virtually unflagging' duty to adjudicate a controversy that is properly before it." *Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983); *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976)). When a federal court has jurisdiction over "a case that is part of parallel, duplicative litigation," it may abstain. *Saucier v. Aviva Life & Annuity Co.*, 701 F.3d 458, 462 (5th Cir. 2012). But "only in exceptional circumstances." *Am. Fam. Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 892 (5th Cir. 2013) (internal citation omitted). The "exceptional circumstances" inquiry requires consideration of six factors:

 (1) [A]ssumption by either state or federal court over a res;

 (2) relative inconvenience of the fora;

 (3) avoidance of piecemeal litigation;

 (4) order in which jurisdiction was obtained by the concurrent fora;

 (5) extent federal law provides the rules of decisions on the merits; and

---

[1] *See* Pl.'s Compl. 4–7, ECF No. 1.
[2] Pl.'s Answer 2, ECF No. 7.
[3] Of the other two defendants in this action, Mr. Chandra's wife and son, only Ms. Chandra has appeared.

      (6) adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Brown v. Pac. Life Ins.*, 462 F.3d 384, 395 (5th Cir. 2006). The decision to dismiss or stay such a case "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

    **III.**    **ANALYSIS**

        **A. Parallel Proceedings**

      The *Colorado River* doctrine applies where, as here, "the state and federal actions are 'parallel.'" *Afr. Methodist Episcopal Church*, 756 F.3d at 797 (quoting *Exxon Corp. v. St. Paul Fire & Marine Ins.*, 129 F.3d 781, 785 (5th Cir. 1997)). "A parallel proceeding exists if there is a substantial similarity between the state and federal proceedings, which occurs when there are similar parties and a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Parada v. Sandhill Shores Prop. Owners Ass'n*, 604 F. Supp. 3d 567, 581 (S.D. Tex. 2022) (citation and quotation marks omitted).

      Here, both proceedings revolve around the validity of Mr. Chandra's ownership and equity interest in Manderbach Ford and Kinley Ford. Manderbach Ford, in opposition to the Motion to Stay, attempts to argue that this action is *only* about the rightful ownership of three vehicles, not Manderbach Ford. The Court is unpersuaded.

      Instead, this action turns on whether Mr. Chandra has an equity ownership in Manderbach Ford and Kinley Ford. Mr. Chandra argues that Manderbach Ford issued him the vehicles *as an owner* of Manderbach Ford.[4] That is the *very question* this Court remanded back to state court. *See*

---

[4] Def.'s Reply 3, ECF No. 15.

3

*Chandra,* 2024 WL 4369235, at *3 ("The state court must resolve the real controversy of whether Mr. Chandra is entitled to the declaration that he seeks, namely, that he is the 50% owner of Kinley Ford."). Importantly, both Manderbach Ford and Mr. Chandra are parties in both proceedings. Therefore, the Court finds the proceedings are at parallel, and the Court turns to the six *Colorado River* factors.

### B. Exceptional Circumstances

#### i. Assumption of Jurisdiction Over a Res

Federal court abstention may be appropriate if a state court first exercises jurisdiction over real property. *Colorado River*, 424 U.S. at 818. The first factor incorporates the ancient rule "that the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts." *Id.*

Here, Mr. Chandra argues that this action is *quasi in rem* because "[t]he State Action seeks to resolve Mr. Chandra's and Mr. Kahlon's competing claims to specific property, including Manderbach Ford."[5] Manderbach Ford responds arguing that this action is not *in rem* because that state action only involves the equity to Manderbach Ford, and even if the state action was *in rem*, Mr. Chandra would have no right to the cars because "Mr. Chandra owns only an interest in the company, not the assets of the company."[6] Mr. Chandra clarifies in response that he does not claim that the state action is *in rem* but *quasi in rem*.[7] He argues that the suit is *quasi in rem* because "[o]wnership carries with it the right of possession."[8] *See Smith v. Maximum Racing, Inc.*, 136 S.W.3d 337, 341 (Tex. App.—Austin 2004, no pet.). Accordingly, because the state action will

---

[5] Def.'s Mot. Stay 9, ECF No. 8.
[6] Pl.'s Resp. 8, ECF No. 14.
[7] Def.'s Reply 4, ECF No. 15.
[8] Mot. Stay 9, ECF No. 8.

decide whether Mr. Chandra has an ownership interest in Manderbach Ford at the jury trial in July, this factor favors a stay.

### ii. Inconvenience of the Fora

Litigation in federal court would not greatly inconvenience Mr. Chandra, so the second *Colorado River* factor weighs against abstention.

When addressing the inconvenience of the fora, the question is "*not* whether [the movant] can demonstrate that the [state court] is a 'better' or 'more convenient' forum. Rather, it is whether the inconvenience of the federal forum is so great that this factor points toward abstention." *Evanston Ins. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988). "When courts are in the same geographic location, the inconvenience factor weighs against abstention." *Stewart v. W. Heritage Ins.*, 438 F.3d 488, 492 (5th Cir. 2006). Both the state and federal courts are located in Fort Worth, Texas,[9] so this factor weighs against abstention.

### iii. Avoidance of Piecemeal Litigation

"The real concern at the heart of the third *Colorado River* factor is the avoidance of piecemeal litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property." *Afr. Methodist Episcopal Church*, 756 F.3d at 800 (internal citation omitted). "The concern with piecemeal litigation arises primarily where parallel lawsuits pose a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel." *Saucier*, 701 F.3d at 464 (internal quotation marks and citation omitted). "[T]he third factor, avoiding piecemeal litigation and inconsistent rulings is the most important factor given that the *Colorado River* abstention doctrine is based on wise judicial administration and principles of

---

[9] *See generally* Pl.'s Compl., ECF No. 1; *Chandra v. GDM Leasing, Inc.*, No. 4:24-CV-760-O, 2024 WL 4369235, at *3 (N.D. Tex. Oct. 1, 2024) (remanding back to Tarrant County state court).

federalism, comity, and conservation of judicial resources." *Protiviti Inc. v. Davis*, No. 3:24-CV-1687-X, 2024 WL 3433939, at *2 (N.D. Tex. July 15, 2024) (footnotes omitted). "If the state court action is able to resolve all of the claims involved in a dispute with respect to all of the parties involved while the federal court action is able to resolve the dispute only partially, this would weigh in favor of abstention." *Saucier*, 701 F.3d at 464. Because it is undisputed the cars belong to Manderbach Ford, the Court finds that this action heavily presents the risk for piecemeal litigation. Accordingly, this factor favors a stay.

### iv. Order Jurisdiction was Obtained

The fourth *Colorado River* factor should "not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21.

In this case, the state case was filed first, in February 2023, while the federal case was filed in March 2025. Thus, the state case was the first case and, as previously mentioned, is set for trial in less than two months. This action has not proceeded past the Complaint and one Defendant has not appeared. Therefore, the Court finds that this factor heavily weighs in favor of abstention.

### v. Extent to Which Federal Law Provides the Rules of Decision

The fifth *Colorado River* factor that the Court must analyze to determine whether abstention is appropriate is the extent to which federal law provides the rules of decision on the merits. *Stewart*, 438 F.3d at 491–93. Manderbach Ford argues that this factor weights against abstention, while Mr. Chandra argues that it is neutral. This factor can only be neutral or weigh against abstention. *See Afr. Methodist Episcopal Church*, 756 F.3d at 801. Because this action involves Texas state law, the Court concludes this factor is neutral.

      vi. <u>Adequacy of the State Proceedings</u>

The Fifth Circuit has held that "the sixth factor, by its very nature, does not weigh in favor of abstention." *Am. Fam. Life Assurance Co.*, 714 F.3d at 893. "[T]his factor can only be a neutral factor or one that weighs against, not for, abstention." *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 651 (5th Cir. 2000) (internal quotation marks and citation omitted). The state court proceeding will determine if Mr. Chandra is an owner of Manderbach Ford, which is crucial to this action. Thus, the Court finds this factor is neutral.

***

In sum, three of the *Colorado River* factors weighs for abstention while only one factor weighs against abstention. The other two remaining factors are both neutral. The Court finds the balance clearly weighs for abstention. Out of wise judicial administration and principles of federalism, comity, and conservation of judicial resources, the Court will stay this action until the resolution of the July 14, 2025 state action.

## IV. CONCLUSION

Defendant's Motion to Stay is **GRANTED**. The Parties are **ORDERED** to file a status report no later than 14 days after the jury trial.

**SO ORDERED** on this **12th day** of **June, 2025**.

 

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE